UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT HILTON,<br><br>                    Plaintiff,<br><br>-against-<br><br>NATIONAL RAILROAD PASSENGER CORPORATION; AMTRAK RAILROAD; AMTRAK RAILROAD CONDUCTOR,<br><br>                    Defendants. | 1:22-CV-9827 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Robert Hilton, of Arverne, Queens County, New York, brings this *pro se* action asserting claims of violations of his federal constitutional rights, the Americans with Disabilities Act of 1990 ("ADA"), and state law. He sues: (1) the National Railroad Passenger Corporation ("Amtrak"); (2) "Amtrak Railroad" (also "Amtrak"); and (3) an unidentified "Amtrak Railroad Conductor." Plaintiff's claims arise from events that allegedly occurred on or about November 11, 2022, including his ejection from an Amtrak train that he had boarded at Pennsylvania Station, in New York, New York; Plaintiff alleges that he was bound for Alabama, but was ejected at a train station in Lynchburg, Virginia. He seeks damages and injunctive relief. The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983, Title II of the ADA, and the Rehabilitation Act of 1973, as well as claims under state law. For the following reasons, the Court transfers this action to the United States District Court for the Western District of Virginia.

## DISCUSSION

The applicable venue provision for Plaintiff's claims is found at 28 U.S.C. § 1391(b), which provides that the appropriate venue is:

>(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under Section 1391(c), for venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and an "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question.[1] *See* § 1391(c)(1), (2).

Plaintiff alleges that Amtrak has been incorporated under the laws of the State of New York and has its principal place of business in an unspecified location within the State of New York. (ECF 2, at 3.) He also seems to allege that the unidentified Amtrak conductor resides at Pennsylvania Station, in New York, New York. (*Id.* at 4.) Thus, it would appear that this court is a proper venue for this action under Section 1391(b)(1).

Plaintiff also alleges, however, that the events giving rises to his claims occurred at the Kemper Street train station, in Lynchburg, Virginia. (*See* ECF 2, at 5.) Lynchburg lies in Campbell County, Virginia, within the Western District of Virginia. *See* 28 U.S.C. § 127(b).

---

[1] For venue purposes,

>in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

§ 1391(d).

Thus, the United States District Court for the Western District of Virginia is a proper venue for this action under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if an action is filed in a jurisdiction where venue is proper, a court may transfer the action to any other district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine & Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for this action. Plaintiff alleges that the events that are the basis for his claims, including his ejection from an Amtrak train by an Amtrak conductor, the summoning of Virginia police, and his efforts to procure alternative transportation after being barred from Amtrak trains, occurred in Lynchburg, Campbell County, Virginia, which is within the Western District of Virginia. Thus, it is reasonable to expect that relevant documents and witnesses would also be found in that judicial district. The Western District of Virginia appears to be a more appropriate forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Western District of Virginia. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts

have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Western District of Virginia. *See* 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this Court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   November 28, 2022
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge